UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

M.S. and R.S., individually and on behalf of A.S.

                               Plaintiffs,                 Civ. No. 20-cv-1300

                                                             COMPLAINT

                        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                Defendant.

_____

## PRELIMINARY STATEMENT

1. This is an action alleging that Defendant, the New York City Department of Education and the Board of Education (collectively "Defendant"), violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant are situated and/or reside.

4. A.S. is currently a student attending school in Manhattan.

## PARTIES

5. Plaintiffs, M.S. and R.S., are the parents and natural guardians of A.S., a six-year-old boy who has been diagnosed with, *inter alia*, Autism Spectrum Disorder ("Autism").[1]

6. M.S., R.S., and A.S. reside in Brooklyn, New York.

7. A.S. is a student with a disability who is eligible for a Free Appropriate Public Education ("FAPE") under the IDEA.

8. A.S. is a qualified individual with a disability who is eligible for a FAPE under Section 504 and is protected from discrimination based upon his disability.

9. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.

10. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

11. Defendant is the LEA under the IDEA and state law.

12. Defendant is a recipient of federal financial assistance.

## LEGAL FRAMEWORK

13. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

---

[1] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

14. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

15. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

16. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

17. The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

18. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

19. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

20. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the DOE's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

21. The written request shall include "the name of the student, the address of the residence of the student . . . the name of the school the student is attending, a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

22. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted.

23. Upon the issuance of a final decision and order, parties have forty calendar days to appeal the final order and decision ("FOFD") from the date the Impartial Hearing Officer issues the FOFD. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited Feb. 12, 2020).

24. Upon the expiration of the forty days, the FOFD becomes an unappealed decision and is then final and non-appealable.

25. Upon information and belief, the DOE's Impartial Hearing Order Implementation Unit is charged with timely complying with the FOFD.

26. In subsequent school years, a student may invoke pendency entitlements in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j).

27. Under IDEA, a student's "stay put" program (also known as "pendency")[2] is an automatic and unconditional right. 20 U.S.C. § 1415(j).

28. DOE requires that students' pendency entitlements must first pass an additional threshold by requiring students' advocates to secure an Order of Pendency ("OP" also known as an Interim Order on Pendency or "IO") before it will honor a student's automatic and unconditional right to pendency. This is true even when the DOE does not contest the pendency program that was invoked.

29. Upon information and belief, the DOE is the only school district in New York that forces students and their advocates to seek an OP from an impartial hearing officer even when it does not contest the pendency invoked in the due process complaint.

30. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

31. Plaintiffs as the substantially prevailing party may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

32. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in *plaintiffs'* favor that also established plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions and upon the filing of a due process complaint for the 2019-2020 school year, wherein the A.S.' pendency entitlements were invoked.

_____

[2] The terms "stay put" and "pendency" are used interchangeably throughout this Complaint.

33. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in impartial hearing case number 175192 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

<u>FACTS</u>

**2018-2019 School Year—Impartial Hearing Case # 176025 and
State Review Office No. 19-031**

34. Plaintiffs filed a due process complaint on August 31, 2018, alleging a denial of FAPE for the 2018-2019 school year.

35. The due process complaint was processed as case number 176025.

36. Plaintiffs filed an amended due process complaint on November 5, 2018.

37. A pendency hearing was held on September 26, 2019.

38. Hearings in this matter were held on three separate days: December 17, 2018, January 23, 2019, and February 28, 2019.

39. Plaintiffs introduced forty-two documents into evidence.

40. Defendant entered fifteen documents into evidence.

41. Plaintiffs called eight witnesses for their case in chief.

42. Almost two months later, on April 18, 2019, the impartial hearing officer issued the 13 page FOFD mostly in Plaintiffs' favor but neglected to order DOE to continue to provide the related services A.S. was receiving.

43. Specifically, the impartial hearing officer ordered the following:

> As I find the District denied [A.S.] a FAPE for the 2018/19 school year, it is HEREBY ORDERED that the following relief be GRANTED to Parent: tuition reimbursement for [A.S.]'s attendance at the Rivendell School for the 2018/19 school year and reimbursement for SEIT services provided to [A.S.]

for the 2018/19 school year.

44. Plaintiffs timely appealed the FOFD to the State Review Office ("SRO"), and filed a Petition on April 22, 2019 requesting that DOE be ordered to provide A.S. with the necessary related services.

45. On July 5, 2019, the SRO issued its decision in favor of Plaintiffs and ordered DOE as follows:

> **IT IS ORDERED THAT** the decision of the IHO dated April 18, 2019 is modified to require that the district shall reimburse the parents for OT [occupational therapy], PT [physical therapy] and speech-language therapy provided to the student at Rivendell during the 2018-2019 school year to the extent that the district has not already paid for these related services pursuant to pendency.

46. DOE did not appeal the SRO decision and it is now final and non-appealable.

47. Plaintiffs are therefore the prevailing party at two administrative levels - the administrative impartial hearing and the SRO and are entitled to their reasonable attorneys' fees and costs.

48. This action is timely brought to recover attorneys' fees.

49. Under the fee-shifting provisions of the IDEA statute, plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level and in their efforts to enforce the Order and this herein action in a total amount to be determined by this Court.

50. Despite many requests made to DOE's Impartial Hearing Office Implementation Unit, the DOE has not complied with any part of the September 19, 2019 FOFD.

**2019-2020 School Year—Impartial Hearing Case # 184999**

51. On June 15, 2019, Plaintiffs throughout their counsel, sent the DOE the requisite ten day notice.

52. On July 3, 2019, Plaintiffs filed a due process complaint alleging a denial of FAPE for the

    2019-2020 school year and invoking A.S.'s pendency entitlements.

53. The due process complaint was processed as case number 184999.

54. On September 11, 2019, a pendency hearing took place and the DOE did not object to or

    contest A.S.' pendency position.

55. Plaintiffs offered three documents as evidence of A.S.'s pendency entitlements.

56. On September 23, 2019, Plaintiffs received an Order on Pendency, dated September 11,
    2019, which ordered the following:

    > THEREFORE IT IS ORDERED that from July 1, 2019, the date of the request,
    > until the end of the school year or the conclusion of the case, the DOE shall
    > continue to
    > 1)  fund tuition at the Rivendell School
    >
    > 2)  directly fund 25 hours of SEIT services and
    >
    > 3)  issue RSA's for the following: a) speech and language 3x45 1:1 and 1x45
    >     2:1 b) OT 3x45 1:1 c) PT 2x45 1:1 and d) parent counseling and training
    >     one hour per month.

57. The DOE did not appeal the pendency order.

58. As of the date of this Complaint, DOE has failed to comply with the pendency order and has

    not made any payments as ordered.

59. A hearing on the merits of case number 184999 took place on January 29, 2020 and Plaintiffs

    are waiting for the FOFD to issue.[3]

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### THE IDEA - 2018-2019 School Year -Failure to Comply With the FOFD

69.  Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set

_____

[3] Plaintiffs are not asking this Court to decide the merits of case number 184999, rather Plaintiffs
seek only that this Court enforce the Pendency order issued in that case.

forth herein.

70.  Defendant has failed to implement fully the April 18, 2019 final decision of the

impartial hearing officer and the July 5, 2019 final decision of the State Review

Office.

## SECOND CAUSE OF ACTION
### THE IDEA - 2019-2020 School Year Pendency Entitlement

69.  Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set

forth herein.

70.  Defendant has repeatedly failed to implement A.S.' stay put rights under the IDEA.

71.  Defendant has repeatedly failed to comply with the IDEA's procedural requirements,

including its mandate to provide A.S. with his stay put entitlements.

72.  Defendant denied Plaintiffs their stay put rights under the IDEA.

## THIRD CAUSE OF ACTION
### ATTORNEYS' FEES

73.  Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set

forth herein.

74.  Defendant has not paid any attorneys' fees or costs to Plaintiffs incurred for the 2018-2019

school year action.

75.  Plaintiffs are the substantially prevailing party and are entitled to an award of costs and

reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court:

i.    Assume jurisdiction over this action;

ii.    Issue a TRO and preliminary injunction directing Defendant to immediately implement the FOFD dated 04/18/2019 and SRO decision dated 07/05/2019.

iii.   Issue a TRO and preliminary injunction directing Defendant to immediately implement A.S.'s stay put rights as per the 09/11/2019 order by, *inter alia,* immediately funding the Rivendell School and providers who are delivering services to A.S. as of July 1, 2019.

iv.    Issue a preliminary and permanent injunction directing Defendant:

    (a) to implement the decisions; and

    (b) award additional equitable relief to remedy the failure to implement the decisions and A.S.'s stay put services.

v.     Award Plaintiffs reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in the hearing and appeal at the SRO, and the work implementing the decisions;

vi.    Award Plaintiff reasonable attorneys' fees and costs incurred in connection with this action;

vii.   Award such other, and further, relief as to the Court may seem just and proper.


Dated: February 13, 2020
      NEW YORK, NEW YORK


          Respectfully submitted,
          SPENCER WALSH LAW, PLLC

          /s/ Tracey Spencer Walsh
          Tracey Spencer Walsh

Spencer Walsh Law, PLLC

625 W. 57th Street, Suite 1810

New York, New York 10019

Tel. 212-401-1959

Email: tracey@spencerwalshlaw.com